*Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiff was sustained.

**No. 57483.**—Security Warehouse Company and Security Liquor Company *v.* United States, protests 111656–K and 113215–K (St. Louis).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 57484.**—John Ambriola & Co., Inc., et al. *v.* United States, protests 202217–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, or not landed, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found, or not landed, not found. The protests were sustained to this extent.

BEFORE THE THIRD DIVISION, SEPTEMBER 23, 1953

**No. 57485.**—William H. Emig and Mechutan Fur Corp. *v.* United States, protests 110759–K and 120975–K (New York).

Opinion by EKWALL, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.

**No. 57486.**—Ignaz Strauss & Co., Inc. *v.* United States, protests 156115–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the articles in question consist of silent butlers, smoothing irons, and various other trays, the composition of which is the same in all material respects as the merchandise involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423). In accordance with stipulation of counsel

and on the authority of the decisions cited, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 40 percent under paragraph 339, as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver; (2) the items marked with the letter "B" at 35 percent under paragraph 339, as modified by the trade agreement with the United Kingdom (T. D. 49753), as household utensils, composed wholly or in chief value of copper, not plated with platinum, gold, or silver; (3) the items marked with the letter "C" at 35 percent under paragraph 339, as modified by T. D. 49753, as household utensils, plated with silver on copper; (4) the items marked with the letter "D" at 25 percent under paragraph 339, as modified by T. D. 49753, as household utensils, composed wholly or in chief value of pewter, not plated with platinum, gold, or silver; and (5) the items marked with the letter "E" at 35 percent under the provision in paragraph 397, as modified by T. D. 49753, for articles, plated with silver on copper.

No. 57487.—Bloomingdale Bros., Inc., et al. *v.* United States, protests 164676–K, etc. (New York).

Opinion by EKWALL, J.  It was stipulated that the articles in question consist of silent butlers, smoothing irons, and various other trays, the composition of which is the same in all material respects as the merchandise involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423).  In accordance with stipulation of counsel and on the authority of the decisions cited, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 40 percent under paragraph 339, as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver; (2) the items marked with the letter "B" at 35 percent under paragraph 339, as modified by the trade agreement with the United Kingdom (T. D. 49753), as household utensils, composed wholly or in chief value of copper, not plated with platinum, gold, or silver; (3) the items marked with the letter "C" at 35 percent under paragraph 339, as modified by T. D. 49753, as household utensils, plated with silver on copper; (4) the items marked with the letter "D" at 25 percent under paragraph 339, as modified by T. D. 49753, as household utensils, composed wholly or in chief value of pewter, not plated with platinum, gold, or silver; (5) the items marked with the letter "E" at 35 percent under the provision in paragraph 397, as modified by T. D. 49753, for articles, plated with silver on copper; and (6) the items marked with the letter "F" at 45 percent under paragraph 397 as articles, composed wholly or in chief value of brass, not plated with platinum, gold, or silver, or colored with gold lacquer.

No. 57488.—China Pottery Co. et al. *v.* United States, protests 193764–K, etc. (New York).

Opinion by EKWALL, J.  It was stipulated that the articles in question consist of silent butlers, smoothing irons, and various other trays, the composition of